114 B.R. 804 (1990)
In re PUBLIC SERVICE COMPANY OF NEW HAMPSHIRE, Debtor.
Bankruptcy No. 88-00043.
United States Bankruptcy Court, D. New Hampshire.
April 20, 1990.
Richard Levin, for Public Service Co.
Geoffrey B. Kalmus, J. Michael Deasy, for Unsecured Creditors Committee.
Howard J. Berman, for Equity Committee.
Mark W. Vaughn, for Frederick J. Coolbroth, Manchester, N.H., for the State of N.H.
Susan N. Kenneally, for U.S. Trustee.
Barbara Gould Overend, for Citicorp and Consol. Utilities & Communications, Inc. (CUC).
Paul R. Gioia, Examiner, George A. Hahn, for the Examiner.
John B. Nolan, Jeffrey G. Grody, Janice B. Grubin, Janet V. Lanigan, for Northeast Utilities Service Co.
Ted A. Berkowitz, New York City, for First Fidelity, Nat. Ass'n, New Jersey, Indenture Trustee.
Bradford Paul Anderson, Newton, Mass., for New England Power Service.
Robert C. Richards, for Martin Rochman, Edward Kaufman, and Robert Richards.

MEMORANDUM AND ORDER DISALLOWING INDEPENDENT POWER PRODUCER CLAIMS
JAMES E. YACOS, Bankruptcy Judge.
Various independent power producers (IPPs) filed proofs of claims in this chapter 11 case. Most of the claims were either fixed claims for power sold to the debtor before the commencement of the case or contingent claims for rejection or anticipatory breach of the arrangements under which the IPPs sell power to the debtor. These arrangements are either rate orders of the New Hampshire Public Utilities *805 Commission (the "NHPUC") or contracts between the debtor and the IPP. Public Service Company of New Hampshire filed objections to the claims of the IPPs. A hearing was held on the objections on April 13, 1990, at which numerous claimants were represented.
The Third Amended Joint Plan of Reorganization of Northeast Utilities Service Company et al., which has been the subject of confirmation hearings for six days during the weeks of April 2 and April 9, 1990, provides for assumption of all of these arrangements. Neither the Plan nor Public Service takes a position on whether the NHPUC rate orders constitute executory contracts within the meaning of section 365 of the Bankruptcy Code.
The Plan contemplates that after reorganization, the reorganized debtor may seek, either through NHPUC procedures and under and consistent with New Hampshire law or through voluntary renegotiation with the IPPs, to modify the prices and other terms of the arrangements under which the reorganized debtor would continue to buy power from these IPPs. Neither the Plan nor its feasibility is dependent on success in this effort. Under the Plan, most of the benefits of a reduction in the price paid under the IPP arrangements would inure to the benefit of the reorganized debtor's customers. Only 10% of the benefits of reductions in the prices paid to only thirteen IPPs listed in the Rate Agreement on which the Plan is based would inure to the benefit of the reorganized debtor.
The IPPs argue that they are entitled to the allowance in this chapter 11 case of unsecured claims in the aggregate amount of over $600 million on account of any damage they may suffer as a result of any modification ordered by the NHPUC in, or agreed to by themselves through renegotiation of, their power sale arrangements with the reorganized debtor after the Effective Date of the Plan. They do not argue that the reorganized debtor will be unable to perform the arrangements according to their terms, nor did they file any objection to assumption of the arrangements or to confirmation of the Plan on that ground. Rather, they argue that the Plan provision that evidences the reorganized debtor's intent to seek modification of the arrangements under State law fails the test of "adequate assurance of future performance" of the existing arrangements, as required by section 365(b) of the Bankruptcy Code, because, if the reorganized debtor is successful in obtaining modification of the arrangements, the reorganized debtor will not be performing the arrangements as they currently exist.
Public Service objected to the allowance of any such claims. Public Service also objected to the allowance under the Plan as Class 10 (general unsecured) claims of any claims for power sold to the debtor before the commencement of this case for which the debtor had not yet paid, contending that any such claim would be paid as a cure of defaults under the power purchase arrangement, as required by section 365(b) of the Bankruptcy Code.
It is clear from the terms of the Plan, and the IPPs do not dispute, that the Plan provides for assumption of the power sale arrangements, subject to the reorganized debtor's intent to seek modification of the arrangements under State law after the Effective Date of the Plan. It is also clear from the record in this case, and the IPPs do not dispute, that the reorganized debtor is fully capable of performing the power sale arrangements according to their terms as they currently exist.
The only real question is whether contingent claims for over $600 million should be allowed on the theory that the Plan includes a Rate Agreement under which the reorganized debtor will seek modification, with the support of the State of New Hampshire, of the arrangements by the NHPUC, or will seek to renegotiate the arrangements with the IPPs. The issue is whether there is any present claim against this debtor based on these facts.
This Court finds that there is no anticipatory breach theory available to the IPPs based on these facts. The Plan and the Rate Agreement do not indicate breach. All that is contemplated is renegotiation or *806 a petition to the NHPUC, which may or may not have the power to order modification. If it does not have any such power, or if there is no right in the arrangement to modify, then the modification will not happen and the IPPs will suffer no damage. If the NHPUC does have such a power, and if there is a right to modify, as determined by the NHPUC in the proceeding that the reorganized debtor might commence, then the modification will not constitute a breach of the arrangement, and the IPP will not be entitled to any damages against the debtor or the reorganized debtor for a breach. The NHPUC might attach various terms and conditions to any modification which could include changed obligations on the part of the reorganized debtor, but this possibility does not create a present claim, contingent or noncontingent, against either the debtor or the reorganized debtor.
For the foregoing reasons, all objections to the claims of the IPP for contingent breach or rejection of the power sale arrangements should be sustained, and it is
ORDERED:
1. The objections of Public Service to the claims of the IPPs listed in paragraph 6 of this Order on the grounds that the claims constitute contingent claims for damages arising from rejection under the Plan of executory power sale arrangements are sustained.
2. The objections of Public Service to the allowance as general unsecured claims in Class 10 under the Plan of the claims of the IPPs listed in paragraph 6 of this Order on the grounds that the claims are for power sold to the debtor before the commencement of this chapter 11 case, which will be paid on the Effective Date of the Plan, are sustained, except that 
(a) this Order is without prejudice to the determination of the actual amount owing for power sold and not yet paid for; and
(b) the payment under the Plan on the Effective Date of the amounts actually allowed for power sold shall be with interest at the legal rate from the date on which such payments would have been due but for the commencement of the chapter 11 case to the date of payment.
3. Paragraphs 1 and 2 of this Order shall become void if confirmation of the Third Amended Joint Plan of Reorganization of Northeast Utilities Service Company et al. is denied or if the order of confirmation is vacated for any reason, including the failure of the Effective Date of the Plan to occur, as provided in the Plan.
4. Based on the stipulation of Public Service and the claimant on the record at the hearing, the objection of Public Service to Claim No. 8829900008 of American Hydro, Inc.  Peterborough, in the amount of $1700.00 for a prepetition prepayment for an interconnect study is sustained, and the claim is disallowed, without prejudice to any dispute between Public Service and the claimant over Public Service's performance of the interconnect study after the commencement of this case.
5. The objection of Public Service to Claim No. 8827700010 of Hillsboro Mills in the amount of $13,296.00 is sustained, and the claim is disallowed.
6. The claims to which paragraph 1 and 2 of this Order apply are listed on the Appendix to this Order.
DONE and ORDERED.

APPENDIX

 CLAIMANT CLAIM NO. CLAIM AMOUNT
------------------------------------------------------------------------------
 Alden Engineering Company
 Greenville Road, RR # 1
 Box 213
 Mason, NH 03048
 XXXXXXXXXX 2,771.40
*807
 CLAIMANT CLAIM NO. CLAIM AMOUNT
---------------------------------------------------------------------
 Alexandria Power Assoc. Ltd. Ptn.
 c/o Legeis Resources, Inc.
 1200 Crown Colony Drive
 Quincy, MA 02169
 XXXXXXXXXX 43,435,917.00
 XXXXXXXXXX 348,935.00
 Ashuelot/HDI Associates, Inc.
 10394 W. Chatfield Ave., Suite 108
 Littleton, CO 80127
 XXXXXXXXXX 3,091,427.30
 Avery Hydroelectric Assoc.
 Box 240, 36 Bay Street
 Manchester, NH 03105
 XXXXXXXXXX 24,509.89
 XXXXXXXXXX 1,358,294.89
 Beech River Mill Company
 Old Route 16
 Center Ossippee, NH 03814
 XXXXXXXXXX 2,099.61
 XXXXXXXXXX 2,099.61
 Bethlehem Hydro Electric Co.
 86 Lafayette Road, Box 947
 North Hampton, NH 03862
 XXXXXXXXXX 1,700.00
 Bio Energy Corporation
 Route 127
 Hopkinton, NH 03301
 XXXXXXXXXX 923,522.60
 XXXXXXXXXX 59,830,443.90
 Boston Felt Company
 on the Salmon Falls River
 P.O. Box 6258
 E. Rochester, NH 03867
 XXXXXXXXXX 4,125.60
 XXXXXXXXXX 278,494.60
 XXXXXXXXXX 4,125.60
 Briar Hydro Associates
 114 State Street
 Boston, MA 02109
 XXXXXXXXXX 167,092.59
 XXXXXXXXXX 8,566,683.59
 Bridgewater Power Company LP
 c/o Comm. Energy Alternatives
 1200 East Ridgewood Avenue
 Ridgewood, NJ 07450
 XXXXXXXXXX 1,518,382.68
 XXXXXXXXXX 1,518,382.68
 XXXXXXXXXX 1,518,382.68
 XXXXXXXXXX 81,508,705.60
 Steven V. and Holly M. Brown
 P.O. Box 1371
 Dover, NH 03820
 XXXXXXXXXX 11.11
 Chamberlain Falls Hydro Station
 Greenville Road, RR # 1
 Box 213
 Mason, NH 03048
 XXXXXXXXXX 963.19
 Charwill Realty
 Badger Bond Hydro
 P.O. Box 689
 Meredith, NH 03253
 XXXXXXXXXX 7,317.28
*808
 CLAIMANT CLAIM NO. CLAIM AMOUNT
-----------------------------------------------------------------------
 Chrysler Capital Corp.
 Greenwich Office Park I
 Attn: Corporate Finance Group
 Greenwich, CT 06836
 XXXXXXXXXX 8,000,000.00
 XXXXXXXXXX 12,000,000.00
 Clement Dam Development, Inc
 P.O. Box 1011
 Portsmouth, NH 03801
 XXXXXXXXXX 113,004.00
 XXXXXXXXXX 3,770,266.87
 Cocheco Falls Associates
 P.O. Box 1073
 Dover, NH 03820
 XXXXXXXXXX 41,229.10
 XXXXXXXXXX 1,147,467.30
 Concord Steam Corporation
 P.O. Box 1377
 Concord, NH XXXXX-XXXX
 XXXXXXXXXX 86,697.90
 Consolidated Hydro Maine, Inc.
 c/o Consolidated Hydro, Inc.
 2 Greenwich Plaza
 Greenwich, CT 06830
 XXXXXXXXXX 3,298,973.69
 XXXXXXXXXX 12,312.69
 Consolidated Hydro New Hampshire, Inc.
 c/o Consolidated Hydro, Inc.
 2 Greenwich Plaza
 Greenwich, CT 06830
 XXXXXXXXXX 756,557.00
 XXXXXXXXXX 1,426,269.29
 XXXXXXXXXX 1,533,996.25
 XXXXXXXXXX 53,320.25
 XXXXXXXXXX 74,661.29
 Paul Crane
 172 Main Street
 Lancaster, NH 03584
 XXXXXXXXXX 331.21
 Errol Hydroelectric Limited Partnership
 c/o Swift River/Hafslund Company
 100 Commercial Street
 Portland, Maine 04101
 XXXXXXXXXX 10,438,651.40
 XXXXXXXXXX 274,111.40
 Exeter River Hydro
 c/o Paul T. Phillips
 Main Street
 Freemont, NH 03044
 XXXXXXXXXX 45,299.98
 XXXXXXXXXX 689.98
 Fisk Hydro, Inc.
 P.O. Box 2520
 So. Hamilton, MA 01982
 XXXXXXXXXX 16,603.57
 Franklin Falls
 P.O. Box 216
 Franklin, NH 03235
 XXXXXXXXXX 73,415.12
 Franklin Industrial Complex
 Smith & Canal Streets
 Franklin, NH 03235
 XXXXXXXXXX 59,885.79
*809
 CLAIMANT CLAIM NO. CLAIM AMOUNT
--------------------------------------------------------------------------
 Garland Mill
 RD1 Garland Road
 Lancaster, NH 03584
 XXXXXXXXXX 268.11
 Goodrich Falls Hydro Electric
 P.O. Box 152
 Lowell, MA 01853
 XXXXXXXXXX 25,086.69
 XXXXXXXXXX 25,086.69
 Golden Pond Hydropower Associates
 c/o Mainstreet Associates
 George K. Lagassa
 110 Lafayette Road, P.O. Box 947
 North Hampton, NH 03862
 XXXXXXXXXX 9,734.26
 XXXXXXXXXX 342,744.26
 Gregg Falls Hydroelectric Associates
 c/o Schooner Capital Corporation
 99 Bedford Street
 Boston, MA 02111
 XXXXXXXXXX 6,508,083.97
 XXXXXXXXXX 80,872.97
 Hadley Falls Assoc.
 Box 240, 36 Bay Street
 Manchester, NH 03105
 XXXXXXXXXX 143,327.33
 XXXXXXXXXX 8,236.33
 Hemphill Power & Light Company
 c/o Thermo Electron of N.H. Inc.
 Attn: Parimel Patel
 101A First Avenue
 Waltham, MA 02254-9047
 XXXXXXXXXX 68,643,692.20
 XXXXXXXXXX 1,375,390.20
 XXXXXXXXXX 1,375,390.20
 Hopkinton/HDI Associates I
 10394 W. Chatfield Ave., Suite 108
 Littleton, Colorado 80127
 XXXXXXXXXX 523,117.00
 Hydroelectric Dev. Inc. Assoc.
 Bay Bank of Boston, NA
 175 Federal Street
 Boston, MA 02110
 XXXXXXXXXX 29,538.00
 XXXXXXXXXX 10,962.00
 Hydroelectric Dev., Inc.
 Michael P. Demos, Pres.
 10394 W. Chatfield Ave., Suite 108
 Littleton, CO 80127
 XXXXXXXXXX 25,260.12
 XXXXXXXXXX 29,913.30
 Hydro-Op One Associates
 c/o Schooner Capital Corporation
 99 Bedford Street, 2nd Floor
 Boston, MA 02111
 XXXXXXXXXX 2,224,003.00
 XXXXXXXXXX 64,953.00
 James River
 New Hampshire Electric Inc.
 650 Main Street
 Berlin, NH 03570
 XXXXXXXXXX 5,941.16
*810
 CLAIMANT CLAIM NO. CLAIM AMOUNT
---------------------------------------------------------------------------
 Lakeport Hydroelectric Corp.
 Box 240, 36 Bay Street
 Manchester, NH 03105
 XXXXXXXXXX 1,550,661.15
 XXXXXXXXXX 25,004.15
 Lochmere/HDI Associates I
 10394 W. Chatfield Ave., Suite 108
 Littleton, CO 80127
 XXXXXXXXXX 2,024,039.00
 Lower Robertson Dam/HDI Associates III
 10394 W. Chatfield Ave., Suite 108
 Littleton, CO 80127
 XXXXXXXXXX 3,332,193.12
 Mad River Power Associates
 c/o Ransmeier & Spellman
 P.O. Box 1378
 Concord, NH XXXXX-XXXX
 XXXXXXXXXX 1,035,931.41
 XXXXXXXXXX 5,722.41
 Marlow Power
 44 Hanover Street
 Keene, NH 03431
 XXXXXXXXXX 8,586.00
 XXXXXXXXXX 8,586.00
 Micon Wind Turbines, Inc.
 1435 Frazee Rd, 305
 San Diego, CA 92108-1336
 XXXXXXXXXX 6,423.74
 XXXXXXXXXX 4,869.35
 Mine Falls Hydroelectric Limited Partnership
 c/o Paul F. Avery, Jr.
 178 Drinkwater Road
 Kensington, NH 03833
 XXXXXXXXXX 148,569.96
 XXXXXXXXXX 148,569.96
 Minnewawa Hydro Company, Inc.
 c/o Consolidated Hydro, Inc.
 2 Greenwich Plaza
 Greenwich, CT 06830
 XXXXXXXXXX 2,754,340.00
 XXXXXXXXXX 10,940.00
 Monadnock Paper Mills, Inc.
 Attn RC Van Horn
 Antrim Road
 Bennington, NH 03442
 XXXXXXXXXX 4,950.00
 Mount Washington
 Attn Howard M Wemyss
 P.O. Box 278
 Gorham, NH 03581
 XXXXXXXXXX 53.82
 Nashua Hydro Associates
 c/o Essex Hydro Associates
 114 State Street
 Boston, MA 02109
 XXXXXXXXXX 3,111,077.08
 XXXXXXXXXX 82,015.08
*811
 CLAIMANT CLAIM NO. CLAIM AMOUNT
---------------------------------------------------------------------------
 Neaf/Manchester
 PO Box 7, 124 Sills Road
 Energy Tactics, Inc.
 Yaphank, NY 11980
 XXXXXXXXXX 1,702.29
 New Hampshire Hydro Associates
 c/o Essex Hydro Associates
 114 State Street
 Boston, MA 02109
 XXXXXXXXXX 5,819,386.00
 XXXXXXXXXX 315,650.00
 Newfound Hydroelectric Company
 4 Midland Street
 Concord, NH 03301
 XXXXXXXXXX 4,664,547.20
 XXXXXXXXXX 35,620.11
 Pembroke Hydro Associates
 c/o Schooner Capital Corporation
 99 Bedford Street
 Boston, MA 02111
 XXXXXXXXXX 5,941,183.02
 XXXXXXXXXX 106,999.02
 Penacook Hydro Associates
 c/o Essex Hydro Associates
 114 State Street
 Boston, MA 02109
 XXXXXXXXXX 9,370,416.84
 XXXXXXXXXX 267,346.84
 Pinetree Power, Inc.
 Westinghouse Building
 Gateway Center
 Pittsburgh, PA 15222
 XXXXXXXXXX 1,570,067.15
 Pittsfield Hydropower Co.
 P.O. Box 149-A
 Hamilton, MA 01936
 XXXXXXXXXX 17,586.09
 River Street Associates
 River Street
 Peterborough, NH 03458
 XXXXXXXXXX 286,252.05
 XXXXXXXXXX 181,591.98
 XXXXXXXXXX 14,311.03
 Bruce P. Sloat
 P.O. Box 424
 Lost Nation Road
 Lancaster, NH 03584
 XXXXXXXXXX 227.39
 Somersworth Hydro Company, Inc.
 c/o Consolidated Hydro, Inc.
 2 Greenwich Plaza
 Greenwich, CT 06830
 XXXXXXXXXX 1,278,402.36
 XXXXXXXXXX 35,286.36
 Steels Pond Hydro, Inc.
 PO Box 2520
 S. Hamilton, MA 01982
 XXXXXXXXXX 33,352.42
 Sugar River Hydroelectric Power
 PO Box 293
 Newport, NH 03773
 XXXXXXXXXX 8,343.11
*812
 CLAIMANT CLAIM NO. CLAIM AMOUNT
---------------------------------------------------------------------------
 Sunnybrook Hydro # 1
 RFD # 2 Box 40
 Lancaster, NH 03584
 XXXXXXXXXX 231.46
 XXXXXXXXXX 231.46
 Swans Falls Corporation
 PO Box 40
 South Windham, ME 04082
 XXXXXXXXXX 22,127.02
 Thomas Hodgson & Sons Inc.
 Canal Street
 Suncook, NH 03275
 XXXXXXXXXX 37,735.24
 Timco Inc.
 Depot Street
 Ctr. Barnstead, NH 03225
 XXXXXXXXXX 264,082.20
 XXXXXXXXXX 264,082.20
 XXXXXXXXXX 15,182,095.90
 Town of Sunapee, a NH Municipality
 Main Street, P.O. Box 717
 Sunapee, NH 03782
 XXXXXXXXXX 849,583.00
 XXXXXXXXXX 15,519.19
 Watson Associates
 P.O. Box 1073
 Dover, NH 03820
 XXXXXXXXXX 867,081.79
 XXXXXXXXXX 14,064.79
 W.M. Lord Excelsior
 Division of Siemon Company
 Carl N. Siemon, President
 60 Echo Lake Rd., Box 400
 Watertown, CT 06795
 XXXXXXXXXX 2,094.10
 Whitefield Biomass Energy Corp.
 c/o Chrysler Capital Corp.
 Greenwich Office Park I
 Attn: Corporate Financing Grp.
 Greenwich, CT 06836
 XXXXXXXXXX 35,000,000.00
 XXXXXXXXXX 35,000,000.00
 Whitefield Power & Light Co
 101 First Avenue
 Waltham, MA 02254
 XXXXXXXXXX 35,000,000.00
 XXXXXXXXXX 68,466,197.00
 Woodsville/Rochester
 P.O. Box 689
 Meredith, NH 03253
 XXXXXXXXXX 2,293.92